```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION
```

**UNITED STATES**                                              **PLAINTIFF**

**VS.**                    **CRIMINAL ACTION NO: 3:12-cr-88-DCB-FKB**
                           **CIVIL ACTION NO: 3:14-cv-892-DCB**

**BOOKER TARVIN**                                              **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause is before the Court on Motion of the Defendant, Booker Tarvin, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[docket entry no. 336]** pursuant to 28 U.S.C. § 2255. Having carefully considered said Motion, the Government's opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

I. Factual and Procedural Background

On August 21, 2012, Tarvin was charged in a multi-count indictment with Conspiracy to Possess with Intent to Distribute Cocaine Base and more than five hundred grams of Cocaine Hydrochloride, Possession with Intent to Distribute Cocaine Base, Possession with Intent to Distribute Cocaine Hydrochloride, and a Notice of Forfeiture. Indictment, ECF No. 22. Tarvin pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine Hydrochloride and Cocaine Base On November 19, 2012. Plea

1

Agreement, ECF No. 156. Tarvin filed this motion on November 18, 2014.

Tarvin argues that he received ineffective assistance of counsel. Tarvin alleges that "[d]uring the formalities of signing [the] plea agreement" and his sentencing, the performances of his attorneys were "not up to [s]atisfaction." Mot. Vacate 4, ECF No. 336. As to his plea bargain, Tarvin alleges that his attorney provided him "wrong information about important matters such as the available defenses[] and the time [Tarvin] would get if [he] pled guilty." Mot. Vacate 4. As to his sentencing, Tarvin alleges that he was not interviewed by a probation officer during the development of the presentence report ("PSR") nor was he provided any written objections to the PSR. Mot. Vacate 4. Tarvin also alleges that his attorney never consulted with him about an appeal. He "later found out about [the possibility of appeal] from a friend[, and Tarvin's a]ttorney after sentencing did not inform [him] that [he] must file a Notice of Appeal within ten days of the date of [his] sentence." Mot. Vacate 4. Requiring further information, the Court ordered Tarvin's attorney at sentencing, Cynthia Speetjens, to submit an affidavit "contain[ing] information related to Tarvin's direct appeals and his claims related to his sentencing." Order, ECF No. 361.

## II. Analysis

In its response in opposition to Tarvin's motion, the

Government states that Tarvin should be granted an out-of-time appeal. Gov't Resp. 4-5. The Fifth Circuit has held that

> even where a defendant has waived his right to direct appeal and collateral review[,] . . . if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal[ and his attorney did not timely file one], prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

<u>United States v. Tapp</u>, 491 F.3d 263, 266 (5th Cir. 2007). Tarvin has not alleged that his counsel did not file a requested appeal but rather that his counsel never consulted with him about an appeal.

> Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. The existence of a duty to consult is assessed in light of all the information counsel knew or should have known. Whether the conviction followed a trial or guilty plea is highly relevant, although not determinative, as is whether the defendant waived his right to appeal and whether he received a sentence for which he bargained. The Supreme Court predicted that district courts would find a duty to consult in the vast majority of cases.

<u>United States v. Cong Van Pham</u>, 722 F.3d 320, 324 (5th Cir. 2013) (internal quotations and citations omitted) (finding that "[b]ecause counsel failed to consult with his client about an appeal, counsel's performance was objectively unreasonable"). Generally, the "better practice is for counsel routinely to consult

with the defendant regarding the possibility of an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 479 (2000).

Tarvin did not put on any evidence about whether he indicated to his attorney a desire to appeal or that his case is one where a reasonable defendant would desire to appeal. In her affidavit, Speetjens states that Tarvin "did not object to [her] strategy [at sentencing]. He did not request that [she] appeal the enhancements, nor would it have been a rational decision to do so." Resp. Ex. 1 ("Speetjens Aff.") ¶11, ECF No. 362-1. She further states that she

> did not believe [Tarvin] had any non-frivolous grounds for an appeal, and he had signed a knowing and voluntary appeal waiver. While [she] did not, in fact, advise him specifically that he could file an appeal . . . , [she] had discussed with him that he had no grounds to do so . . . . It is [her] opinion that no rational defendant, therefore, would have wished to appeal, and [Tarvin] did not direct [her] to do so.

Speetjens Aff. ¶13.

The Court is skeptical that Tarvin has satisfied his burden to merit an out-of-time-appeal, but because the Government argues in its favor, the Court will grant it out of an abundance of caution. Because the Court has granted an out-of-time-appeal, Tarvin's remaining claims for ineffective assistance of counsel are denied without prejudice as premature. See United States v. West, 240 F.3d 456, 460 (5th Cir. 2001). Tarvin will be able to reassert them after his appeal has concluded.

### III. Order

IT IS HEREBY ORDERED that the Defendant's Motion to Vacate,

Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 is DENIED WITHOUT PREJUDICE AS PREMATURE.

FURTHER ORDERED that the U.S. District Clerk shall RE-ENTER the judgment as to Booker Tarvin in criminal no. 3:12-cr-88(1).

FURTHER ORDERED that the Defendant shall have fourteen (14) days after the re-entry of the criminal judgment to file his notice of appeal. See Fed. R. App. P. 4(b)(1)(A). The Court notes that it has already appointed attorney Cynthia Speetjens to assist him with his appeal.

FURTHER ORDERED that the hearing previously set in this matter is cancelled and the Motion to Continue Hearing is DENIED as MOOT.

SO ORDERED this the 25th day of September 2015.

    /s/ David Bramlette
UNITED STATES DISTRICT JUDGE