IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                          CRIMINAL ACTION NO. 3:12-cr-88-DCB-FKB-1

BOOKER TARVIN                                           DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

BEFORE THE COURT is Booker Tarvin (Defendant)'s Amended
Motion to Reconsider Order Denying Sentence Reduction Under
Sentencing Guidelines Amendment 821 – Part A (the "Motion"). [ECF
No. 431]. The Government filed a Response [ECF No. 433] on December
19, 2023, and Defendant filed a Reply [ECF No. 434] on December
20, 2023. The Court, having examined the submissions of the
parties, the record, the applicable legal authority, and being
fully informed in the premises, finds that the Motion [ECF No.
431] should be denied.

I. Factual Background

Defendant's current term of incarceration results from three
convictions: conspiracy to possess with intent to distribute more
than 500 grams of cocaine in violation of 21 U.S.C. § 846,[1]

---

[1] Defendant originally pleaded guilty to the charge in the Western District of
Tennessee and was sentenced to 78 months imprisonment followed by four years
supervised release in November 2002. [ECF No. 433] at 1. His supervision was
transferred to the Southern District of Mississippi [<u>United States v. Tarvin</u>,
No. 3:12-cr-83-CWR-LGI-1, ECF No. 1] on July 13, 2012. The Court subsequently
revoked Defendant's supervision for violations of parole conditions, which
included an arrest for distribution of a controlled substance, and ordered

conspiracy to commit theft of government funds in violation of 18 U.S.C. § 371,[2] and escape by prisoner in custody of federal institution in violation of 18 U.S.C. § 751(a).[3] This Court reduced the sentence for the 21 U.S.C. § 846 violation from 151 months to 121 months under 18 U.S.C. § 3582(c)(2) because the sentencing range for Defendant's conviction was lowered and made retroactive by the United States Sentencing Commission. [ECF No. 401]. Defendant is currently at FCI Milan and is scheduled for release on February 19, 2024. [ECF No. 433] at 4.

On December 5, 2023, this Court entered an Order [ECF No. 429] denying Defendant's sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Defendant filed the Motion on December 6, 2023, asking the Court to reconsider its Order and lower Defendant's score pursuant to Amendment 821 – Part A. [ECF No. 431] at 5. The Government submits that relief is permissible under the amendment but asks the Court to exercise its discretion in denying the

---

Defendant to serve 30 months imprisonment to run consecutively to this conviction. [Tarvin, No. 3:12-cr-83-CWR-LGI-1, ECF No. 13]. Defendant subsequently pleaded guilty pursuant to a plea agreement in this Court for the second distribution of a controlled substance violation and was sentenced to 151 months imprisonment followed by four years supervised release. [ECF Nos. 298 and 378]. The Court notes that the sentence was a substantial downward departure from the advisory guideline range of 262-327 months. [ECF No. 293] at 27.

[2] Defendant pleaded guilty pursuant to a plea agreement and was sentenced to 40 months imprisonment, 20 to run consecutively and 20 to run concurrently to the term of imprisonment in this matter. [United States v. Tarvin, No. 3:14-cr-91-DCB-LGI-1, ECF No. 115].

[3] Defendant pleaded guilty and was sentenced to time served running consecutively to the sentence imposed in Tarvin, No. 3:14-cr-91-DCB-LGI-1, followed by three years supervised release. [United States v. Tarvin, No. 2:23-cr-17-KS-MTP-1, ECF No. 40].

sentence reduction. [ECF No. 433] at 5; 9. In his Reply, Defendant urges the Court to consider the factor of "avoiding unwarranted sentencing disparities" pursuant to 18 U.S.C. § 3553(a)6) and 18 U.S.C. § 991(b)(1)(B). [ECF No. 434] at 1.

In Part A of Amendment 821, the Sentencing Commission addressed the "status points" provision regarding criminal history. The Amendment, which now appears under Section 4A1.1(e), reads as follows: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." See United States Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (Nov. 1, 2023). The amendment was made retroactive, but a court may not order the release of a defendant to occur prior to February 1, 2024. See USSG § 1B1.10(c)(2) (Nov. 1, 2023).

If Defendant was sentenced today, he would receive three criminal history points (instead of five) under the amended provision. Defendant's criminal history category would be reduced to II (instead of III), which reduces the guideline range to 108-135 months.

The Supreme Court addressed the process for the application of a retroactive guideline amendment in Dillon v. United States.

560 U.S. 817 (2010). Under the two-step inquiry in Dillon, the district court must (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant; and (2) consider any applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in whole or in part under the particular circumstances. Id. at 827. In general, a court may not reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range." United States v. Garcia, 655 F.3d 426, 430 (5th Cir. 2011) (quoting § 1B1.10(b)(2)(A)).

Under the first step of Dillon, Defendant is eligible for a reduction. Defendant's guideline range is reduced to 108-135 months. In evaluating the 18 U.S.C. § 3553(a) factors,[4] Defendant, who is 47 years old, has been convicted of conspiracy to possess with intent to distribute (2002 and 2012), conspiracy to commit

---

[4] These factors are:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
    (3) the need for the sentence imposed to protect the public from further crimes of the defendant;
    (4) the need for the sentence imposed to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
    (5) the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;
    (6) the pertinent policy statements by the Sentencing Commission;
    (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    (8) the need to provide restitution to any victims of the offense.
See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

theft of government funds (2014), and escape by prisoner in custody of federal institution (2023).

In consideration of the nature and circumstances of the offense, the Court notes that Defendant "made a credible threat to use violence" against others, "maintained a premises . . . for the purpose of manufacturing or distributing a controlled substance," and "had an aggravating role in the offense." [ECF No. 293] at 15-16. These circumstances indicate that Defendant is presently incarcerated for serious offenses.

In consideration of the need for the sentence imposed, the Court notes that Defendant has a prior history of similar drug offenses in the Western District of Tennessee. Defendant also participated in a conspiracy to commit theft of government funds that impacted at least 13 victims. See Tarvin, No. 3:14-CR-91-DCB-LRA, ECF No. 101 at 4-5. Finally, Defendant was convicted in a recent felony prosecution for escaping from a federal correctional institution while serving his sentence. See Tarvin, No. 2:23-CR-17-KS-MTP-1, ECF No. 40. Thus, a review of the record confirms that Defendant's sentence is appropriate in consideration of the interest in deterrence and the protection of the public.

The Court recognizes the need for a court to avoid sentencing disparities as cited by Defendant. [ECF No. 431] at 4; [ECF No. 434] at 1; see also 18 U.S.C. §3553(a)(6). "[T]his disparity factor

requires the district court to avoid [] unwarranted disparities between similarly situated defendants nationwide. . . ." United States v. Guillermo Balleza, 613 F.3d 432, 435 (5th Cir. 2010) (citing United States v. Candia, 454 F.3d 468, 476 (5th Cir. 2006)). But in consideration of the other section 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that Defendant is not entitled to further reduction. Defendant's original sentence of 121 months is appropriate.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion [ECF No. 431] is DENIED.

SO ORDERED, this 24th day of January, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE